Opinion approved by the Court.

## I. D. REDDEN V. STATE.

No. 30,965. November 4, 1959.
Motion for Rehearing Overruled December 16, 1959.

*Raeburn Norris,* Houston, for appellant.

*Dan Walton,* District Attorney, *Thomas D. White, Alex Guevara, Jr.,* Assistants District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

BELCHER, Judge.

The conviction is for felony theft by bailee with two prior convictions alleged for enhancement; the punishment, life.

Appellant challenges the sufficiency of the evidence to support the conviction.

It was stipulated that the appellant had been twice previously convicted of two felonies less than capital as alleged in the indictment.

Gary Vodehnal, a witness for the state, testified that the appellant came to the place where he was employed in Houston about 10:00 A.M., May 21, 1958, and stated that he was operating a Gulf service station on North Main, and that his station was giving a free wash and grease job with every tank full of gasoline purchased for an automobile; and that he let him have the automobile which was in his actual possession with the agreement that appellant would wash, grease and fill the tank with gasoline and return it to him by 4:30 P.M. that day; that he next saw it four or five days later in the possession of the police department, and at that time the floor mats and the spare tire were gone, and it had not been washed, did not appear to have been greased and was not full of gasoline. He also testified that when appellant did not return the automobile by 4:30 P.M. he went to the two Gulf service stations on North Main, and found that appellant did not own and had never worked at either of them; and stated that he did not give the appellant his consent to take and appropriate the automobile which was of the market value of $1800 to his own use.

Officer Murdock testified that he saw the appellant in Houston at 9:45 A.M. on May 26, 1958, driving the Vodehnal automobile and he was going in the opposite direction from the place where Vodehnal was employed, and stopped him and placed him under arrest.

Appellant testifying in his own behalf admits that about 10:00 A.M. he took Vodehnal's automobile to wash, grease and fill with gasoline, but states that he did not tell him he was operating the Gulf service station on North Main but that he had such a deal with the operator as well as with some other stations, and that he was planning on leasing a station; that the boy who was helping him service the automobiles wanted some work clothes from his house, and they went in Vodehnal's automobile to the boy's house between the towns of Humble and Porter where the boy got out and he went to a cafe to wait for him; and about 3:00 P.M., he got into an argument which resulted in him going before the justice of the peace and then to jail in Conroe where he stayed until released at 7:45 A.M., May 26, 1958. He then went to Vodehnal's automobile that had been at the home of the justice of the peace while he was in jail to get it and return it, and when he arrived in Houston, he

stopped at the house where the boy stayed who had helped him wash and grease automobiles, the officers appeared, asked him what he was doing and he told them he was returning the automobile to Vodehnal. He denied taking the floor mats or the tire and said he knew nothing about them. He also testified that he never intended to appropriate the automobile to his own use but that he did use the car for his benefit in taking the boy who helped him to get his clothes.

No formal or informal bills of exception appear in the record.

The jury rejected appellant's version of the taking of the automobile, and the evidence is sufficient to support the conviction.

The judgment is affirmed.

Opinion approved by the Court.